# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

April 17, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: The Children of Brook L. and John L.**

**v.)   No. 14-0599** (Pocahontas County 08-D-68)


## MEMORANDUM DECISION

Petitioner John L.,[1] appearing *pro se*, appeals the order of the Circuit Court of Pocahontas County, entered June 9, 2014, that denied his appeal from an April 8, 2014, order of the Family Court of Pocahontas County. In its April 8, 2014, order, the family court denied his petition to modify the parties' parenting plan to allow him to home school their four youngest children. Respondent Brook L., by counsel Maureen Conley, filed a response. The guardian ad litem, Marla Zelene Harman, filed a summary response on behalf of the children L.L., A.L., O.L., and S.L. Petitioner filed a reply to each response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties previously cohabitated.[2] While they have six children, the parties dispute the schooling of only the four youngest children L.L., A.L., O.L., and S.L., in the instant litigation.[3] Pursuant to a March 30, 2010, order of the family court, the parties have shared parenting with regard to L.L., A.L., O.L., and S.L. with physical custody of the four children alternating between the parties on a week-to-week basis. When petitioner filed his petition to modify the March 30, 2010, order on June 27, 2013, petitioner did not seek either to increase his parenting time or reduce respondent's.

---

[1] Because this case involves sensitive facts, we protect the identities of those involved by using the parties' first names and last initials, and identify the children by using their initials only. *See State ex rel. W.Va. Dept. of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] According to the family court's April 8, 2014, order, earlier in the case, it was determined that the parties' marriage was not valid.

[3] The birthdays of the parties' four youngest children are, as follows: (1) L.L., April 9, 2000; (2) A.L., February 9, 2002; (3) O.L., August 19, 2003; and (4) S.L., April 4, 2006.

1

Despite not seeking to modify the parties' parenting time, petitioner sought a modification so that he could home school L.L., A.L., O.L., and S.L. Pursuant to the March 30, 2010, order, the present educational arrangement has existed since the parties' youngest child, S.L., reached the compulsory school age of six on April 4, 2012. Since the start of the school year following S.L.'s sixth birthday, all four children involved in the instant case (in addition to the parties' oldest two children) have attended public school. This arrangement represents a concession by petitioner who, based on the record, is an ardent believer in home schooling. The record further reflects that petitioner made this concession in order to ensure that he would have shared parenting of L.L., A.L., O.L., and S.L. The March 30, 2010, order provides that "[t]he parents shall jointly make *major decisions* for the children, including but not limited to *public schooling*, medical treatment, and religious upbringing." (Emphasis added.)

Initially, the family court denied petitioner's petition to modify the March 30, 2010, order without a hearing on July 18, 2013. Petitioner appealed that order to the circuit court which reversed the denial and remanded the case for a hearing on the petition. Subsequently, the family court held hearings on the petition for modification on February 2, 2014, and March 27, 2014. Prior to the February 2, 2014 hearing, the guardian ad litem made her initial report to the family court. The guardian ad litem recommended, *inter alia*, that (1) a review of respondent's pleadings demonstrated that respondent would not cooperate in the children's home schooling if petitioner's petition was granted because of respondent's belief that "[respondent] did not do a good job the first time,"[4] which would therefore necessitate a modification of the parties' parenting time that the children do not want; (2) based on interviews with the children, L.L., A.L., O.L., and S.L. "were certainly more rigid on not wanting any alteration of parenting time than they were decisive about homeschooling";[5] and (3) absent an agreement to home school the parties' four youngest children, "there is no material change of circumstances that would warrant a modification of the parenting plan."

The family court heard testimony from petitioner and his witnesses including two paid experts at the February 2, 2014 hearing; and, at the March 27, 2014 hearing, the court heard testimony from respondent and her witnesses including employees of the Pocahontas County Board of Education. Following the hearings, the guardian ad litem made her supplemental report to the family court. The guardian ad litem reiterated her position that absent agreement of the parties, no material change of circumstances existed which would warrant a change in the parenting plan, stating that "it is the sincere belief that the parties' agreement that was reached in 2010 should remain intact." The guardian ad litem concluded as follows:

---

[4] Despite respondent's position that she did not do a good job at previously home schooling the children, the family court adhered to a finding it made in a December 5, 2011, order that prior to their separation in 2008, the parties successfully home schooled their children.

[5] The guardian ad litem indicated that the children's stated preference for home schooling was perhaps more reflective of petitioner's desires given that the oldest child of the group, L.L., reported that home schooling was "much discussed in the father's home setting."

2

There has been no legitimate proposal advanced or testimony elicited as to how the lack of consistency in learning which would result from [petitioner's] proposal—that being one week of home school at [petitioner's] home and one week off at [respondent's] residence—could possibly promote the welfare and best interests of these children.

On April 9, 2014, the family court denied petitioner's petition to modify the March 30, 2010, order to allow him to home school the parties' four youngest children. The family court first established that the March 30, 2010, order constituted the baseline for determining not only what is a substantial change of circumstances pursuant to West Virginia Code § 48-9-401(a), but also for deciding what was in the children's best interests. The family court pointed out that the March 30, 2010, order ratified an agreement made by the parties to settle outstanding issues between them. Before ratifying their agreement, the family court found that at a March 22, 2010 hearing, the parties testified under oath that (1) they both heard and understood the agreement as it was announced by their attorneys; (2) they both entered into the agreement of their own free will and with advice of counsel regardless of whether either of them heeded that advice; (3) they both believed that the agreement represented a fair resolution of the outstanding issues between them and that the agreement served the children's best interests; (4) they both entered into the agreement voluntarily and without any coercion or threats against them; and (5) they both desired that the family court adopt the agreement. Consequently, the family court rejected petitioner's contention that he had entered into the parties' agreement under duress and/or based on bad legal advice. Rather, the family court determined that the agreement constituted a negotiated compromise where respondent agreed to petitioner having shared parenting in order to ensure that the children went to public school and petitioner agreed to let them go to public school in order to obtain shared parenting of the four youngest children.

Next, the family court rejected petitioner's contention that taking L.L., A.L., O.L., and S.L. out of public school would constitute nothing more than a minor modification of the parenting plan pursuant to West Virginia Code § 48-9-402(b)(2). The family court reasoned that "[a] 'minor' issue . . . does not consume volumes of a Court file; does not require the testimony of paid experts from the States of Virginia and Oregon; does not consume two full days of contested hearings; and does not require the services of a Guardian ad litem."

Third, the family court rejected petitioner's allegation that there had been a substantial change of circumstances satisfying West Virginia Code § 48-9-401(a) and found his reliance on *Skidmore v. Rogers*, 229 W.Va. 13, 725 S.E.2d 182 (2011), to be misplaced. In *Skidmore*, this Court found (1) a child's advance in age and (2) the birth of a half-sibling with whom the child became bonded constituted substantial changes of circumstances. *Id.* at 21-22, 725 S.E.2d at 190-91. Petitioner contended that the instant case was analogous to *Skidmore* because he has now remarried and L.L., A.L., O.L., and S.L. now have a younger half sibling with whom they have bonded. However, the family court noted that the advance in the child's age was relevant in *Skidmore* because the original parenting plan was entered when the child was only four and a half, but was eleven when a modification of parenting time was sought. *Id.* at 21, 725 S.E.2d at 190. Consequently, the family court found that *Skidmore* was distinguishable because (a) petitioner was not seeking a modification of parenting time, but only of the mode of the children's education and

(b) the birth of a half sibling was not a substantial change of circumstances with regard to that educational choice.[6]

Finally, even if petitioner was able to show a substantial change of circumstances, the family court noted that West Virginia Code § 48-9-401(a) would have then required petitioner to demonstrate that his proposed modification would serve L.L., A.L., O.L., and S.L.'s best interests. The family court determined that home schooling would not be in the children's best interests because of the following:

> . . . [T]he stability of the children's education will not be preserved by changing back to home schooling. They were home schooled prior to the parties' separation. They have been in public schools since December, 2008.[7] To change

---

[6] Petitioner alleged the following additional substantial changes of circumstances: (1) petitioner's present wife would aid him in home schooling L.L., A.L., O.L., and S.L.; (2) petitioner has better equipped his home to provide for a suitable home schooling environment; (3) petitioner has reduced his outside activities so that he would be able to devote more time to home schooling the children; (4) petitioner and his present wife have a second residence in Lynchburg, Virginia, which would provide the children with additional educational opportunities; (5) the Pocahontas County Board of Education does not adequately challenge L.L., A.L., O.L., and S.L.; (6) petitioner did not conclusively know of the "poor" performance of the Pocahontas County Board of Education in 2010; and (7) L.L., A.L., O.L., and S.L. prefer to be home schooled. We find that reasons one through five relate to whether home schooling would be in the children's best interests, and not to whether a substantial change of circumstances has occurred pursuant to West Virginia Code § 48-9-401(a). Reason six is undermined by the fact that in 2010, petitioner agreed under oath that attending public school served the children's interests, and, as found by the family court, petitioner did not show that the public schools L.L., A.L., O.L., and S.L. attend had materially changed since the time petitioner entered into the parenting agreement. Finally, we concur in the family court's determination that "this Court has no confidence that the . . . children's preferences to be home schooled are genuine" given that they spend half of their time with petitioner who has a preoccupation that his children be home schooled.

[7] An exception to this would be S.L. who turned six years old on April 4, 2012, and started public school full-time the following school year. Before S.L.'s full-time entry into public school, the family court found respondent in contempt of its March 30, 2010, order because respondent enrolled S.L. in kindergarten at the beginning of the 2011 school year without petitioner's agreement and directed that S.L. be disenrolled. Once S.L. attained six years of age, the parties disputed whether S.L. should be enrolled for the remainder of the 2011 school year or whether respondent was required to wait until the start of the 2012 school year to enroll S.L. Finding that the March 30, 2010, order was unclear on that point, the family declined to find either party in contempt during that dispute. However, what we find significant is the family court's determination in a December 5, 2011, order that "the history of this case and its litigation over public versus home schooling" demonstrates that no change to the children's education could be deemed a minor modification pursuant to West Virginia Code § 48-9-402(b)(2), as petitioner now contends.

now would [not] further their "stability." Even [petitioner's] own expert, Dr. [Brian] Ray opined in his affidavit that "[w]hen things have been going well for children, it is typically in their best interests to continue with the environment (e.g., educational) in which they have been unless there is compelling evidence that a significant change will improve things for them."[8] The children are doing well in the public school environment and no compelling evidence has been submitted that a change to home schooling will improve things for them. Stability of the children demand that the instant modification request be denied.

(Footnotes added.)[9]

Petitioner appealed the family court's April 8, 2014, order denying his petition to modify the parties' parenting plan to allow him to home school their four youngest children. The circuit court denied the appeal on June 6, 2014, concluding as follows:

As the findings made by [the family court] are not clearly erroneous, and a review of [the family court's] application of law to the facts does not bear out an abuse of discretion, this Court, hereby, **DENIES** [petitioner's] Petition for Appeal from the Order Denying the Modification of the 2010 parenting plan, and **AFFIRMS** [the family court's] ruling in its entirety.

Petitioner now appeals the family court's decision to deny his request for a modification to

---

[8] We find that Dr. Ray did not dispute his statement contained in his November 26, 2010 affidavit, during his testimony at the March 27, 2014 hearing, but opined that compelling evidence existed that home schooling would improve L.L., A.L., O.L., and S.L.'s education.

[9] The family court also found that the parenting plan was working as intended and was not manifestly harmful to L.L., A.L., O.L., and S.L. because (1) the children are attending public school as was agreed in 2010; and (2) "the children are doing exceptionally well in public school." *See* W.Va. Code § 48-9-401(b) ("In exceptional circumstances, a court may modify a parenting plan if it finds that the plan is not working as contemplated and in some specific way is manifestly harmful to the child, even if a substantial change of circumstances has not occurred."). We note that on appeal, petitioner makes only two passing references to West Virginia Code § 48-9-401(b) in his opening brief and never mentions it in either of his replies. We find that such cursory mention of West Virginia Code § 48-9-401(b) is insufficient to preserve any argument based on it. *See State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."). Furthermore, even if we would consider West Virginia Code § 48-9-401(b), we would find that the family court's findings that the parenting plan is working as intended and is not causing manifest harm to the children are not clearly erroneous based on our thorough review of the record.

allow him to home school L.L., A.L., O.L., and S.L. We review the family court's decision under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues that we need only address whether home schooling would serve the children's best interests either (1) because his request to home school constitutes no more than a minor modification of the March 30, 2010, order that ratified the parties' parenting plan pursuant to West Virginia Code § 48-9-402(b)(2); or (2) because he has demonstrated that a substantial change of circumstances pursuant to West Virginia Code § 48-9-401(a). Respondent counters that (1) a decision to take L.L., A.L., O.L., and S.L. out of public school and place them in home schooling with petitioner would not be a minor modification, rendering West Virginia Code § 48-9-402(b)(2) inapplicable; (2) a finding that a substantial change of circumstances has occurred would not be supported by the evidence; and (3) even if such a change has occurred, a decision to allow petitioner to home school the children would not be in their best interests.

We note that West Virginia Code § 48-9-402(b)(2) provides, in pertinent part, that "[t]he court may modify any provisions of the parenting plan without the showing of change circumstances required by [West Virginia Code § 48-9-401(a)] if the modification is in the child's best interests, and the modification: . . . (2) Constitutes a minor modification in the plan[.]" We find that petitioner's argument that his request to home school constitutes no more than a minor modification is extremely dubious. We have (a) reviewed the parties' appendices; (b) viewed the video recordings of the February 2, 2014 and March 27, 2014 family court hearings; and (c) on our own motion,[10] obtained a copy of the family court's December 5, 2011, order from the period when the parties were disputing when the March 30, 2010, order permitted respondent to enroll S.L.—one of the children involved in the instant litigation—in public school.[11] We find that the record plainly demonstrates that the family court did not err in determining that allowing petitioner to home school the children would constitute a major modification of the March 30, 2010, order. Therefore, we conclude that West Virginia Code § 48-9-402(b)(2) does not apply to this case and petitioner may not rely on it.

We note that West Virginia Code § 48-9-401(a) provides, in pertinent part, that "a court

---

[10] Rule 6(b) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that this Court, upon its own motion, "may consider portions of the record other than those provided by the parties."

[11] *See* fn. 7.

shall modify a parenting plan order if it finds . . . a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child." In addition, "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). From a thorough review of the record, we determine that no reason exists to disturb the family court's findings that (1) a substantial change of circumstances has not occurred;[12] and (2) even if such a change has occurred, a decision to allow petitioner to home school the children would not be in their best interests. Therefore, we conclude that the family court did not abuse its discretion in denying petitioner's petition to modify the March 30, 2010, order to allow him to home school the parties' four youngest children.

For the foregoing reasons, we affirm the circuit court's June 6, 2014, order denying petitioner's appeal of the family court's April 8, 2014, order denying petitioner's petition for modification.

Affirmed.

**ISSUED**: April 17, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[12] We find petitioner's reliance on *Skidmore v. Rogers*, 229 W.Va. 13, 725 S.E.2d 182 (2011), to be misplaced for the reasons given by the family court: (a) petitioner was not seeking a modification of parenting time, but only of the mode of L.L., A.L., O.L., and S.L.'s education; and (b) the birth of a half sibling was not a substantial change of circumstances with regard to that educational choice. Furthermore, in *Skidmore*, we cautioned litigants, as follows:

> To be clear, neither the birth of a half-sibling nor the advance in a child's age will necessarily constitute a basis for a modification of a parenting plan order in all cases. Whether any change in circumstance that was not anticipated in a parenting plan can serve as the basis for a modification is a case specific question, and courts must consider the best interest of the child in each individual case.

229 W.Va. at 22 n. 3, 725 S.E.2d at 191 n. 3.